UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHN H. COOPER,               )
                              )
    Plaintiff,                )
                              )
v.                            )      No. 4:12-CV-294-JCH
                              )
MISSOURI DEPARTMENT OF        )
CORRECTIONS, et al.,          )
                              )
    Defendants.               )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis [Doc. #3]. Upon review of the financial affidavit [Doc. #4], the Court finds that plaintiff is financially unable to pay the filing fee. Thus, the motion will be granted.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a

claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The complaint**

Plaintiffs seek monetary relief in this action brought pursuant to 42 U.S.C. § 1983. The named defendants are the Missouri Department of Corrections, Jennifer Sachse, Assistant Warden, MECC, Luann Priest, Gwen Shamily, 2 House FUM, and John Does #1-6. Plaintiff is challenging the legality of his extradition from Missouri to Illinois in February, 2010.

At the outset, the Court finds that the complaint does not comply with Local Rule 2.06(A), because it was not filed on a Court-provided civil complaint form.[1] Moreover, plaintiff has failed to set forth as to each named defendant the specific

---

[1] This Court's Local Rule 2.06(A) states, "All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms. If an action is not filed on a Court-provided form, the Court . . . may order the pro se plaintiff or petitioner to file the action on a Court-provided form."

factual allegations supporting his claims.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990); <u>see also, Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); <u>Glick v. Sargent</u>, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner.  Even pro se litigants are obligated to abide by the Federal Rules of Civil Procedure.  <u>See</u> <u>U.S. v. Wilkes</u>, 20 F.3d 651, 653 (5th Cir. 1994); <u>Boswell v. Honorable Governor of Texas</u>, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should contain "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be "simple, concise, and direct"); Fed.R.Civ.P. 10(b)(parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances").  Although the Court is to give the complaint the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged.  Plaintiff is required, to the best of his ability, to set out in a simple, concise, and direct manner, not only his illegal extradition claims, but also the facts supporting

3

these claims as to each named defendant.

Because plaintiff is proceeding pro se, the Court will allow him time to file an amended complaint.  In the amended complaint, plaintiff shall complete in its entirety the Court-provided civil complaint form.  Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by typing the first defendant's name, and under that name, he shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated.  Plaintiff shall proceed in this manner with each of the named defendants, separately setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated.  The amended complaint should not include a "Memorandum of Law," a section of case law citations, or a section of Missouri statutes.  The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances.  If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim."  Plaintiff shall set forth the relief he is seeking, and he must sign

the amended complaint.

Because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time.  Plaintiff is advised that his amended complaint will replace his original complaint in its entirety and will be the only pleading this Court reviews.  The Court will not consider any claims that are not included in the amended complaint, even if they were asserted in the earlier complaint.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.  See 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that, in addition to a copy of this Order, the Clerk shall mail plaintiff a copy of the Court's civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint **on or before April 27, 2012**, that complies with this Memorandum and Order.

5

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice to him.

Dated this 23rd day of March, 2012.

>   /s/Jean C. Hamilton
>   **UNITED STATES DISTRICT JUDGE**